

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711-2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1v. Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

August 28, 1985

Mr. Bob E. Bradley
Executive Director
Texas State Board of
   Public Accountancy
1033 La Posada, Suite 340
Austin, Texas   78752

Opinion No. JM-348

Re: Whether the State Board of Public Accountancy may require applicants for licensing to furnish character references from Texas residents

Dear Mr. Bradley:

On behalf of the State Board of Public Accountancy, you question the constitutionality of the board's Substantive Rule 511.21 in light of the Supreme Court's recent decision in Supreme Court of New Hampshire v. Piper, ___ U.S. ___, 105 S.Ct. 1272 (1985). You also ask whether the Piper case applies to section 12 of the Public Accountancy Act of 1979, article 41a-1, V.T.C.S. Both provisions deal with state residency issues relevant to certification as a certified public accountant in Texas.

The primary provision in question is an administrative rule enacted pursuant to the board's authority to promulgate rules necessary to effect the Public Accountancy Act. V.T.C.S. art. 41a-1, §6(a). The rule is related to the requirement that a certified public accountant in Texas shall be a person of "good moral character." Id. §12(4). Substantive Rule 511.21 provides, in part, that

> [a]ll applications for certification by examination shall be made on forms prescribed by the board and shall also be in compliance with board rules and law. Each applicant must also submit authenticated copies of transcripts showing compliance with the applicable education requirements. Each applicant shall submit with his initial application, and as instructed thereafter, references from three certified public accountants or other substantial and representative business or professional individuals residing in Texas who can attest to applicant's moral character. (Emphasis added).

9 Tex. Reg. 5293 (1984).

Section 12 of the Public Accountancy Act provides, in part, that the board shall grant the certificate of a certified public accountant to any person who, among other things,

> is a citizen of the United States or who, <u>if not a citizen, has lived in the State of Texas for the 90 days immediately preceding the date of submitting to the board the initial application to take the written examination</u> conducted by the board for the purpose of granting a certificate of 'Certified Public Accountant' <u>or has maintained permanent legal residence in Texas for the six months immediately preceding the date of submission. . . .</u> (Emphasis added).

The United States Supreme Court's decision in <u>Supreme Court of New Hampshire v. Piper</u>, <u>supra</u>, prompted your request about the constitutionality of the residency requirements in these two provisions. In <u>Piper</u>, the Supreme Court struck down a rule of the New Hampshire Supreme Court which excluded nonresidents from the state bar. The Court held that the Privileges and Immunities Clause of article IV, section 2 of the United States Constitution forbids a state from discriminating against citizens from other states in favor of its own citizens. Article IV, section 2 of the Constitution provides that the "citizens of each state shall be entitled to all Privileges and Immunities of Citizens in the several states." The clause requires analysis of whether a particular activity is a "privilege" under the clause, whether there is a substantial reason for discriminatory treatment of nonresidents, and whether the degree or method of discrimination bears a close relationship to its reason. 105 S.Ct. at 1278-79.

The Privileges and Immunities Clause applies only with respect to "privileges" bearing upon the vitality of the nation as an entity. The instant case involves the practice of public accountancy. For purposes of the Privileges and Immunities Clause, this profession deserves no less protection than that granted to the practice of law in <u>Piper</u> or to the shrimp-fishing at issue in <u>Toomer v. Witsell</u>, 334 U.S. 385 (1948).

The board's Substantive Rule 511.21 requires that all applications for certification by examination shall include references from individuals who reside in Texas. Although this rule on its face applies to both residents and nonresidents, it is plain that its burden falls upon nonresidents. In our opinion, the United States Supreme Court will not ignore the obvious effect of such a restriction. For example, in <u>Austin v. New Hampshire</u>, 420 U.S. 656, 659 (1975), the Court struck down a commuter's income tax under the

Privileges and Immunities Clause because of the overwhelming fact that, in practice, the tax fell exclusively on nonresidents. We take notice of the fact that similar considerations apply here.

Accordingly, we conclude that Substantive Rule 511.21 cannot stand under the Privileges and Immunities Clause of article IV, section 2 unless the board can demonstrate that there is a substantial reason for the difference in treatment and that the discrimination practiced against nonresidents bears a substantial relationship to that reason. You have submitted no reasons supporting the requirement that character references be furnished by Texas residents. We cannot consider, in the abstract, what possible justifications might be submitted. You do not ask -- and thus we do not predict -- how a court would respond to a due process or equal protection claim against the rule in question. See generally Schware v. Board of Bar Examiners of New Mexico, 353 U.S. 232 (1957); Memorial Hospital v. Maricopa County, 415 U.S. 250 (1974).

You also mention section 12 of the Public Accountancy Act of 1979 in light of Supreme Court of New Hampshire v. Piper, supra. Section 12 requires that persons who are not citizens of the United States live in Texas for 90 days or maintain permanent legal residence for 6 months immediately preceding the date they submit their application to take the board's written examination. The issues involved in Piper do not reach this restriction on foreign nationals because Piper dealt only with the Privileges and Immunities Clause of article IV, section 2, which expressly applies only to persons who are "citizens" of a state. See In re Johnson's Estate, 73 P. 424, 426 (Cal. 1903). You do not ask about and we therefore do not address the validity of section 12 under other provisions of the United States Constitution. See generally Toll v. Morenc, 458 U.S. 1 (1982) (state may not impose burdens on lawfully admitted aliens which are not contemplated by Congress); Plyer v. Doe, 457 U.S. 202 (1982) (Equal Protection Clause extends to all persons regardless of citizenship); see also Examining Board of Engineers, Architects, and Surveyors v. Flores de Otero, 426 U.S. 572, 602-605 (1976); De Canas v. Bica, 424 U.S. 351 (1976); In re Griffiths, 413 U.S. 717 (1973); Attorney General Opinions JM-289, JM-267, JM-241 (1984); cf. Suffling v. Bondurant, 339 F. Supp. 257 (D.C.N.M. 1972) (6 months residency requirement prior to admission to bar provided constitutionally reasonable time for examination of character and fitness), aff'd sub nom. Rose v. Bondurant, 409 U.S. 1020 (1972).

## S U M M A R Y

The Texas Board of Public Accountancy's Sub-stantive Rule 511.21, requiring applicants to furnish character references from Texas residents, cannot stand under the Privileges and Immunities

Clause of article IV, section 2 of the United States Constitution unless the board can demonstrate that there is a substantial reason for discriminating against nonresidents by requiring that character references be furnished by Texas residents and that the discrimination practiced bears a substantial relationship to that reason.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Sarah Woelk